***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted February 9, affirmed March 8, 2023

In the Matter of C. M. W.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

C. M. W.,
*Appellant.*

Clackamas County Circuit Court
21CC07271; A177944

Cody M. Weston, Judge.

Alexander C. Cambier and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Appellant challenges an order committing her to the custody of the Oregon Health Authority for 180 days. *See* ORS 426.130(1)(a)(C) (authorizing the commitment of a "person with mental illness"). On appeal, she argues that the evidence at the hearing does not support the finding that her mental illness renders her dangerous to herself. *See* ORS 426.005(1)(f)(A) (a person has a "mental illness" if they are dangerous to self or others because of a mental disorder). Viewed in the light most favorable to the trial court's disposition, the record contains evidence to support the trial court's factual findings and the ultimate conclusion that appellant presents a danger to herself. *See State v. M. J. F.*, 306 Or App 544, 545, 473 P3d 1141 (2020) (providing standard of review). Specifically, evidence indicated that members of the Clackamas County Crisis mobile response team had to turn off all four burners on appellant's stove, which had caused material on top of the stove to smoke and blackened a wall behind the stove. Additionally, appellant pushed flammable materials against heaters that were turned to their highest setting, placed her hand in boiling water, and recently attempted suicide. That evidence, combined with evidence of appellant's lack of insight into the dangerousness of those behaviors, is sufficient to permit a rational factfinder to conclude that it is highly probable that appellant presents a nonspeculative risk of harm to herself. *Id.* at 546.

Affirmed.